THE STATE OF OHIO, APPELLEE, *v.* CABLE, APPELLANT.

(No. 48974—Decided April 29, 1985.)

John T. Corrigan, prosecuting attorney, for appellee.

Edward C. Lucey, for appellant.

NAHRA, J. This is an appeal from the court of common pleas jury verdict convicting David Cable, Sr. of felonious assault. The following facts gave rise to this appeal.

On July 10, 1983, Kenneth Acree was assaulted and beaten. Acree testified that he was beaten by two individuals, the defendant-appellant and his son. Appellant beat Acree with a heavy chain while the son beat him with a baseball bat.

Acree testified that on the night of the assault he returned to his house from an Alcoholics Anonymous meeting at about 10:30 p.m. He then bought a case of beer and proceeded to drink six. About the time he finished the sixth beer, he noticed people at a neighbor's house. He walked over and was asked by Donald Gallimore, the neighbor, to walk to the gasoline station and buy him a gallon of gasoline because his car had run out. He agreed and Gallimore gave him $1.25.

Acree walked past the Cables' home on his way to the gasoline station. The Cables were sitting on the porch and rec-ognized him. They called him names but he kept going and bought the gasoline. He was returning by a different route, which did not take him past the Cables' house, when a van pulled up. The appellant, David Cable, Sr., and his son, David Cable, Jr., jumped out. The appellant hit Acree across the face with a chain and the son struck him repeatedly with a baseball bat. Eventually they left him lying on the ground. Acree picked up the gasoline which had not spilled and walked back to the house.

Acree gave Gallimore the gas and then used a pay phone to call an ambulance. He was taken to Cleveland Metropolitan General Hospital, where he was treated and released. The police were called by the hospital and came and interviewed him in the emergency room. He related this story to Officer Small with one exception. He denied that he had anything to drink.

The next morning he went to the police station and was interviewed by Detective Aguilar. He again repeated the same story but denied drinking.

Gallimore's testimony corroborated Acree's story. He stated that he asked Acree to go buy gasoline. Acree was beaten by the time he returned. He testified that the gasoline can was full when Acree gave it to him. Additionally, Acree, when he first returned, told him that he was beaten by both the appellant and his son.

Policeman Randy Small testified that he interviewed the appellant and his son in the early morning on the day of the assault. The pair admitted that David Cable, Jr. had beaten Acree with a baseball bat after Acree had thrown gasoline on him. Officer Small also testified that he was told that the appellant stood nearby watching and making sure no one intervened.

The next morning the Cables went to the police station where they met with the officer in charge of the investigation, Detective Aguilar. She testified that

after the Cables were advised of their rights, they asked questions about the consequences of an assault charge for an adult and a juvenile. After the detective explained the different consequences, the Cables conferred in private. Subsequently, David Cable, Jr., a minor at the time, gave a confession implicating only himself.

Defendant's son's testimony was consistent with his confession. He testified that he was in the kitchen at his house at 1:00 a.m. when he was told that Kenneth Acree had just gone by the front of the house with a can of gasoline. He was alarmed because he had heard that Acree was threatening to burn down his family's house. He armed himself with a bat and went out the back door in search of Acree. He eventually found him on the next block standing on the sidewalk holding a can of gasoline. He stated that he walked toward Acree asking him what he was doing when suddenly Acree threw gasoline on him. The gasoline temporarily blinded him, but he was still able to swing the bat and strike Acree several times. The beating stopped when his father drove up in a van and called for him to come. He did, leaving Acree on the ground. When he arrived home, his aunt and his cousin told him to change and clean up. He had done so by the time Officer Small arrived. He testified that Small was investigating a nearby domestic disturbance and did not mention the assault.

The testimony of the appellant, the aunt and the cousin corroborated this version.

The case was tried to a jury. The jury convicted the appellant of felonious assault. The court immediately imposed the maximum sentence, eight to fifteen years at the Chillicothe Correctional Institute. This appeal was timely filed.

I

The appellant's first assignment of error is that:

"The trial court erred and abused its discretion in imposing the maximum sentence and in failing to consider mitigating factors as mandated by R.C. 2929.12."

Appellant argues that the trial court abused its discretion by imposing the maximum sentence without considering mitigating factors. We find this assignment to be well-taken.

A failure to weigh the factors set forth in R.C. 2929.12 is an abuse of discretion. *State* v. *Gregley* (Sept. 22, 1983), Cuyahoga App. No. 45881, unreported.

R.C. 2929.12 provides in part:

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense;

"(3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.

"(C) The following do not control the court's discretion, but shall be considered in favor of imposing a shorter minimum term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment.

"(D) The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed."

"Although Ohio law does not require the trial court to state on the record the reasons for the sentence imposed * * * [*State* v. *McCloud* (Sept. 2, 1982), Cuyahoga App. No. 44299, unreported,] the record must indicate that the court considered the statutory criteria rather than acting arbitrarily." *Gregley* at 6.

In the instant case, the record is devoid of any indication that the statutory criteria were considered. The court did not refer the defendant for a presentencing report; instead it imposed the maximum sentence on the defendant. There is no evidence that the court considered that the defendant had no previous criminal record and was gainfully employed. The case is therefore remanded to the trial court for resentencing in accordance with the provisions of R.C. 2929.12. * * *[1]

*Conviction affirmed; sentence vacated and case remanded for sentencing.*

MARKUS, P.J., and PATTON, J., concur.

_____
[1] Reporter's Note: The text of the opinion as it appears herein was abridged by Judge Nahra.