THE STATE OF OHIO, APPELLEE, *v.* CROUSE, APPELLANT.

(No. CA 9789—Decided
May 11, 1987.)

*Lee C. Falke,* prosecuting attorney, and *Walter F. Ruf,* for appellee.

*Carl Anthony Cramer,* for appellant.

WOLFF, J. Daniel R. Crouse was indicted by the Montgomery County Grand Jury for the aggravated burglary of the residence of Margaret Ellen Mehaffey and for the rape of Mehaffey. Crouse waived a trial by jury and was found guilty of both counts by a judge of the Montgomery County Court of Common Pleas. After the trial judge found Crouse guilty as charged, he ordered a presentence investigation and, after completion of the presentence investigation, sentenced Crouse to two consecutive terms of ten to twenty-five years in the Chillicothe Correctional Institute.

Crouse appeals from the judgment of conviction and asserts four assignments of error, the first of which is:

"The trial court committed prejudicial error by finding the appellant guilty of rape and aggravated burglary against the manifest weight of the evidence."

The incident giving rise to the aggravated burglary and rape charges occurred on July 9, 1985.

Mehaffey, who had previously lived with Crouse for a short period of time, was residing at the time of the incident with her former husband and two children in an apartment in Vandalia, Ohio.

Mehaffey testified that Crouse forced his way into her apartment during the evening of July 9, 1985, while her former husband was at work, and forced her to have sexual intercourse with him against her will. Crouse's testimony was that he was invited by Mehaffey to her apartment and to have sexual intercourse with her.

Crouse does not argue on appeal that there was no evidence of all of the elements of aggravated burglary and rape, but merely that Mehaffey's testimony was too incredible for belief. The weight to be given to the evidence and the credibility of the witness are primarily for the trier of facts. See *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212. A verdict will not be reversed where there is substantial evidence upon which the factfinder could reasonably conclude that all the elements of the offenses have been proved beyond a reasonable doubt. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, and *State* v. *Chambers* (Sept. 28, 1982), Montgomery App. No. CA 7360, unreported. Applying these principles of appellate review, we conclude, after reviewing the testimony and the exhibits introduced at trial, that this assignment of error must be overruled.

Crouse's second assignment of error states:

"The trial court committed prejudicial error and an abuse of discretion in imposing the maximum sentence for rape and the maximum sentence for aggravated burglary and requiring them to be served consecutively without considering the mitigating factors as mandated by Ohio Revised Code Section 2929.12 and reflecting said consideration on the record at the time of sentencing."

The error and abuse of discretion asserted in this assignment of error consist of the alleged failure of the trial court to consider the mitigating factors contained in R.C. 2929.12. Before discussing the merits of this assignment, we point out that although the minimum terms of the sentences were the maximum periods, in years, that

could be imposed, the sentences were not the most severe that the trial court was empowered to impose. The trial court could have required Crouse to serve the ten-year minimum periods on each count as "actual incarceration." See R.C. 2929.11(B)(1)(a).

By the terms of R.C. 2929.12(C), the mitigating factors described therein "do not control the court's discretion." In a case involving a similar situation, the Hamilton County Court of Appeals observed in *State* v. *Gould* (1980), 68 Ohio App. 2d 215, 22 O.O. 3d 344, 428 N.E. 2d 866, that the trial court, although obligated to consider the mitigating factors, is not bound by the mitigating factors in the exercise of its discretion. The court went on to say that where the sentence is within the limits established by the legislature, the trial court will be presumed to have considered the mitigating factors unless there is a showing to the contrary. This court has cited *Gould* with approval in *State* v. *Stancil* (June 27, 1983), Montgomery App. No. CA 8124, unreported.

Crouse cites the Cuyahoga County Court of Appeals case of *State* v. *Cable* (1985), 24 Ohio App. 3d 88, 24 OBR 158, 493 N.E. 2d 285, for the proposition that the record must affirmatively indicate that the trial court considered the statutory criteria.

*Cable* and this case are distinguishable on their facts. In *Cable* the trial court sentenced Cable to the maximum sentence for felonious assault without benefit of a presentence investigation and notwithstanding the fact that he had no prior criminal record. In this case, the court ordered a presentence investigation and, at the time of sentencing, stated "the court has the probation report and the recommendation of the probation department." Furthermore, Crouse did have a criminal record consisting of a felony conviction for forgery and a misdemeanor bad check conviction during the mid-1970s.

However, we attach less importance to the distinguishing factual characteristics of *Cable* and this case than we do to our view that where the sentences are within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so. This is particularly so because R.C. 2929.12 (C) specifically provides that the statutory mitigating criteria do not control the court's discretion. We recognize that the view we espouse may be in conflict with that espoused by the Eighth District Court of Appeals. The second assignment of error is overruled.

The third assignment of error is as follows:

"Appellant was denied a fair trial guaranteed to him under the Fourteenth Amendment of the United States Constitution due to the misconduct of the prosecutor and the presentation of evidence and witnesses that were untruthful."

This assignment raises two claims.

The first is that the prosecution was guilty of misconduct in presenting Mehaffey to the grand jury and to the trial court knowing that she had previously failed two polygraph tests. Prior to trial in response to defense counsel's accusations of misconduct, the assistant prosecutor in charge of the case stated to the court as follows:

"I was fully aware of the facts of the polygraph [examinations] and after listening to the complainant and after speaking with someone in the Victim Witness Section and after Bill Randolph [another assistant prosecutor] had a full and fair opportunity to hear her and I rel[ied] on Bill to a certain extent and I also rel[ied] upon myself, we

concluded that the polygraphs were wrong.

"I will tell you and state on the record [that] if I [had] believe[d] she was untruthful, I would not have submitted her to the grand jury and just like the rest of us, I could be wrong but I don't think so."

After listening to further arguments of counsel, the court concluded:

"I don't think we can draw a valid inference from the proposition that the lady apparently flunked two polygraph tests from that that her testimony will be perjured. The reason the polygraph tests are not admissible in evidence without a stipulation is because they have been determined to not be reliable to the point where they can be used as the basis for any fair conclusion."

The trial court's action is consistent with *State* v. *Souel* (1978), 53 Ohio St. 2d 123, 7 O.O. 3d 207, 372 N.E. 2d 1318, wherein it was held that the results of a polygraphic examination are only admissible in evidence in a criminal trial if there has been a stipulation as to the admissibility of the test results. We realize that *Souel* dealt with the admissibility of the results of a polygraph taken by the defendant, whereas here the state's complaining witness's test results are in issue. We realize further that the issue raised by this assignment is not the admissibility of Mehaffey's test results at trial, but whether her test results should have barred the state's prosecution of Crouse. We conclude that *Souel* supports the proposition that the results of polygraph tests are not binding upon the parties in criminal proceedings in the absence of a stipulation to that effect.

Undeniably, the polygraph is a useful law enforcement tool and the members of this panel are well aware that polygraph tests are used by prosecutors and law enforcement agencies in determining whether or not to prosecute certain cases. However, we are not persuaded that prosecutors and law enforcement agencies should be necessarily precluded from prosecuting certain criminal cases when complaining witnesses fail to pass polygraph tests. To hold otherwise would be to elevate the polygraph to the status of factfinder, the role traditionally reserved for juries or judges sitting without juries.

In this assignment of error, Crouse also complains that the state presented one Neal Hester as a rebuttal witness without having first disclosed his name to defense counsel. We do not need to reach the merits of this complaint because the record fails to disclose that an objection was ever made to the testimony of Neal Hester. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364, paragraph one of the syllabus, vacated as to the penalty (1978), 438 U.S. 911. The third assignment of error is overruled.

Crouse's final assignment of error is as follows:

"The trial court committed prejudicial error and an abuse of discretion by failing to either admit polygraph testimony at the trial or in the alternative take testimony at a hearing relative to the qualifications of the examiner[s] and the conditions under which the tests were administered."

This assignment of error also raises two claims: first, that the court erred and abused its discretion in failing to admit polygraph testimony that would have tended to show that Mehaffey was untruthful and that Crouse was truthful; and, second, that the court erred and abused its discretion in failing to take testimony as to the qualifications of the polygraph examiners and the conditions under which the tests were administered.

Crouse's first complaint is resolved by application of the second paragraph of the syllabus of *State* v.

*Grubb* (1986), 28 Ohio St. 3d 199, 28 OBR 285, 503 N.E. 2d 142:

"At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion *in limine, to seek the introduction of the evidence* by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. (*State* v. *Gilmore* [1986], 28 Ohio St. 3d 190, applied.)" (Emphasis added.)

The record reflects that the state filed a motion *in limine* prior to trial to prohibit the defense from "testifying about, inquiring about, or in any way attempting to refer to or infer that any polygraph tests were given, offered or attempted with respect to any part [*sic*] or witness in this case." The court sustained the motion and Crouse did not attempt, during trial, to introduce the evidence of the polygraph examinations. Hence, we need not discuss this claim on the merits.

Crouse's second claim is likewise not susceptible to appellate review. He complains that the court failed to take evidence of the qualifications of the examiners or the conditions under which the tests were administered, the latter apparently referring to his understanding that he would not be prosecuted if he passed the polygraph tests. However, the trial court was not asked to take testimony as to either the examiners' qualifications or the alleged conditions under which Crouse submitted to polygraphic examination and, accordingly, appellate review is precluded under these circumstances. The fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.