OPINION
This is an accelerated appeal under App.R. 11.1, which allows for our decisions to be in brief, conclusory form. Consequently, this opinion will not contain a "comprehensive-exposition of our reasons" for affirming the trial court's decision. See Crawfordv. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
Appellant Edward Underwood appeals his sentence for operating a motor vehicle while intoxicated, driving with a suspended license (DUS), failure to wear a safety belt, and disobeying a traffic signal. Underwood assigns two errors for our review.
 I. THE ASSESSMENT OF A TWENTY-FIVE ($25.00) FEE FOR "TIME TO PAY" IS CONTRARY TO LAW.
 II. THE TRIAL COURT SENTENCED DEFENDANT UNLAWFULLY WHEN IT SENTENCED DEFENDANT TO JAIL PLUS A FINE WITHOUT A SPECIFIC FINDING AS REQUIRED BY LAW SUPPORTING IMPOSITION OF FINE PLUS INCARCERATION.
After reviewing the evidence and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The Cleveland police arrested and charged appellant with DUI, DUS, failure to wear his seat belt, and disobeying a traffic signal. He subsequently entered a no contest plea and the trial court sentenced him to a suspended sentence of $500, plus 170 days in jail for the DUI; a suspended sentence, $800, plus 180 days for the DUS; $25 fine for the seat belt violation; and $50 for the traffic violation. Additionally, the court placed him on conditional probation and suspended his license. The trial court granted his request for a stay of execution of the sentence pending appeal.
In his first assignment of error, Underwood challenges the Municipal Court's assessment of a $25.00 charge to defendants who seek to pay their fines in installments. R.C. 2929.51 provides that, when imposing a fine upon an offender in a misdemeanor case, the court may either suspend all or any portion of the fine or "permit payment of all or any portion of the fine in installments, or by any other method and in any time and on anyterms that the court considers just, except that the maximum time permitted for payment shall not exceed two years." (Emphasis added.)
The fee assessed for payment arrangements is not a fine imposed by the trial judge, but is rather an administrative fee charged by the municipal court clerk's office. This distinction was pointed out in Strattman v. Studt (1969), 20 Ohio St.2d 95, 102.
 [A] major distinction between fines and costs exists. In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.
As set forth above, R.C. 2929.51 gives the court discretion to permit payment of fines in installments "on any terms that the court considers just." We conclude that the court clerk's imposition of a $25.00 fee for making installment arrangements is not excessive and does not necessitate a reversal of the trial court's decision. Underwood's first assignment of error is overruled.
In his second assignment of error, Underwood argues the trial court erred in sentencing him to jail and imposing a fine without specifically finding that the fine was "specifically adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain" as provided by R.C. 2929.22 (E). However, Underwood cites no authority which supports his argument. Several cases have held that a trial court need not specifically state on the record that it considered the R.C. 2929.22 factors.
 Although it is preferable that the trial court state on the record that it has considered the statutory criteria, there is no requirement that it do so. * * * This Court will presume that the trial court considered the factors set forth in R.C. 2929.22
when the sentence is within statutory limits "in the absence of an affirmative showing that it failed to do so." State v. Gilbo (1994), 96 Ohio App.3d 332, 340, 645 N.E.2d 69; State v. Crouse (1987), 39 Ohio App.3d 18, 20, 528 N.E.2d 1283.
State v. Johnson (October 24, 1997), Darke App. No. 96 CA 1427, unreported, appeal dismissed (1998), 81 Ohio St.3d 1429. See alsoCity of Broadview Hts. v. Claren (May 27, 1999), Cuyahoga App. No. 74227, unreported, appeal dismissed (1999), 86 Ohio St.3d 1487
("Without a complete record, we must presume the trial court found that the fine was specially adapted to deterrence or correction of the offender, or one of the other factors-set out in R.C. 2929.22 (E)."); State v. Hogue (June 19, 1996), Tuscarawas App. No. 95AP090062, unreported ("Where the court sentences within the statutory limit, we presume the court considered the statutory mitigating criteria in the absence of showing on the record that it failed to do so.") Underwood's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and JAMES D. SWEENEY, J., CONCUR.
 ________________________________ PATRICIA ANN BLACKMON JUDGE