OPINION
Appellant timely appeals from the trial court's sentence following a jury verdict finding him guilty of corruption of a minor in violation of R.C. § 2907.04(A). For the following reasons, we affirm the jury verdict and sentence of the trial court.
Appellant, Shane M. Morrison, was born on March 4, 1973. The victim in this case, Jewelene Jackson, was born on September 23, 1980. The two first met in September of 1995 while Appellant was visiting his younger siblings at the home of his parents in Salem, Ohio. During the next few months Appellant and Jewelene had a casual, platonic relationship.
On January 11, 1996, Appellant drove Jewelene to the home of his cousin, Shannon Quinn, in Salem, where he was staying in an unfurnished attic room. During the drive to Quinn's house, Jewelene told Appellant that she was only fifteen (15) years old. Once in the attic room, Jewelene told Appellant that she did not want to "do anything" with him. Appellant then removed Jewelene's clothes, undressed himself, laid down on top of her and had sexual intercourse with her. After this incident Appellant and Jewelene got dressed and Appellant drove her back to a street corner near her home. Later that evening, Appellant told Quinn that he had sex in the attic with Jewelene.
Following the incident, Jewelene immediately told a friend what had happened and the next day, Jewelene told her mother. Jewelene's mother took her to Salem Community Hospital where a standard rape kit exam was performed. A subsequent analysis showed that semen was present in the panties that Jewelene was wearing on the night of the assault.
When police initially questioned Appellant, he refused to state whether he had intercourse with Jewelene on the night in question. However, on February 20, 1996 he told an investigator with the Columbiana County Prosecutor's Office that he had sex with Jewelene on that night but that he did not rape her.
On April 17, 1996, the Columbiana County Grand Jury indicted Appellant on one count of corrupting a minor in violation of R.C. § 2907.04(A), a third degree felony. Appellant was arrested on April 24, 1996. On October 28-29, 1996, the case was tried before a jury. Appellant's counsel moved for a directed verdict after the presentation of the state's case in chief and again at the close of all evidence. The trial court overruled the motions. The jury found Appellant guilty as charged in the indictment. The court immediately proceeded to sentencing. Appellant requested a presentence investigation (PSI) The request was denied. The trial court sentenced Appellant to two (2) years imprisonment pursuant to a judgment entry filed on October 31, 1996.
On November 5, 1996 Appellant filed his notice of appeal. His first assignment of error alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING THE APPELLANT'S MOTION FOR DIRECTED VERDICT AND/OR ACQUITTAL WHERE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION OR, IN THE ALTERNATIVE, THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the state failed to produce sufficient evidence or evidence beyond a reasonable doubt that Appellant knew that Jewelene was only fifteen years old or that he was reckless in disregarding the fact that Jewelene was only fifteen years old on January 11, 1996. Appellant argues that various witnesses testified that Jewelene had told others, including Appellant, that she was seventeen and that this evidence went unrebutted by the state. Appellant also argues that he relied on Jewelene's own statements, made in the presence of other witnesses, that she was seventeen years old. Appellant regards his belief that Jewelene was seventeen as reasonable and not reckless.
Appellee stresses that Jewelene testified that she told Appellant on the night of the crime that she was only fifteen years old. Appellee points out that Appellant asked Jewelene to lie about her age when they arrived at Quinn's home on the night of the crime and to say that she was seventeen or eighteen. Appellee argues that this evidence, if believed, shows that Appellant either knew or recklessly disregarded the fact that Jewelene was only fifteen years old.
Appellant's assignment of error is without merit. Motions for directed verdict or acquittal are governed by Crim.R. 29(A) which states in relevant part:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
The Ohio Supreme Court has stated:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. § 2907.04(A) states:
 "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows such person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
With respect to the relevant culpable mental states, the Ohio Revised code provides:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances exist."
R.C. § 2901.22(B).
 "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
R.C. § 2901.22(C).
Appellant only challenges the sufficiency of the evidence with regard to the allegation that he knew or recklessly disregarded the fact that Jewelene was only fifteen years old. The state presented evidence in its case in chief that the victim told Appellant just prior to the commission of the crime that she was only fifteen. Tr. 222. The state presented other evidence that Jewelene gave the appearance that she was only fourteen or fifteen years old. Tr. 186. The state presented evidence that Jewelene was a school friend of Appellant's half-sister Breeann Taylor and Appellant's. girlfriend Lisa Mitchell, both of whom were fifteen. Tr. p. 204, 217. The state also had admitted into evidence a statement which Appellant made to investigators on January 18, 1996, where he admitted uncertainty as to Jewelene's age. Transcript of Statement, 2.
Viewing this evidence in a light most favorable to the prosecution, such evidence, if believed, would convince the average mind beyond a reasonable doubt that Appellant was aware that Jewelene was probably under the age of sixteen or that he perversely disregarded that Jewelene was under the age of sixteen. Therefore, the trial court's denial of Appellant's motion to acquit was appropriate.
Appellant also argues the verdict was against the manifest weight of the evidence with respect to his knowledge or reckless disregard of the victim's age. The issue of whether a trial court judgment is against the manifest weight of the evidence was addressed extensively in State v. Thompkins (1997), 78 Ohio St.3d 380. In Thompkins, the court distinguished between sufficiency of the evidence and weight of the evidence. Id., 386. "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally insufficient to support the jury verdict as a matter of law."Id., quoting Black's Law Dictionary (6 Ed. 1990) 1433, and Crim.R. 29(A). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins, 386, citing State v.Robinson (1955), 162 Ohio St. 486. The Thompkins court stated that, ". . . a conviction based on legally insufficient evidence constitutes a denial of due process." Id. at 386, citing Tibbsv. Florida (1982), 457 U.S. 31, 45.
The Thompkins court made it clear, however, that even though a court of review may find that a trial court decision should be sustained as to the sufficiency of the evidence, the reviewing panel may, nevertheless, find that the decision was against the manifest weight of the evidence. State v.Thompkins, 387 citing State v. Robinson, 487.
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.
State v. Thompkins, 387, quoting Black's, supra, 1594.
When reviewing a trial court decision on the basis that the verdict was against the manifest weight of the evidence, a court of appeals acts as a "thirteenth juror", especially when it reviews the trial court's resolution of conflicts in testimony. State v. Thompkins, 387 citing Tibbs v. Florida, 42. Furthermore:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
State v. Thompkins, 5387 quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
In the present matter, Appellant argues that there was unrebutted testimony from five witnesses that Jewelene claimed to be seventeen years old. Appellant is one of those witnesses. The victim did rebut Appellant's testimony by testifying that she clearly stated to Appellant just prior to his commission of the crime that she was only fifteen. Tr. 222. Appellant's half-sister Breeann testified that the victim stated that she was seventeen in the presence of Breeann and Appellant sometime in the fall of 1995. Tr. 286. The victim rebutted this testimony by stating she never told anyone in Appellant's family that she was seventeen. Tr. 242. Jennifer Whaley, best friend of Breeann Taylor, testified that the victim told students at Salem High School that she was seventeen. Tr. 280. Jewelene denied ever telling anyone at school that she was seventeen. Tr. 241. Finally, Laura Beth Sevacko testified that Appellant told Shannon Quinn that the girl he was bringing into Ms. Quinn's home on the night of the crime was seventeen. Tr. 186. Ms. Sevacko testified immediately thereafter that she did not believe the victim was seventeen, but thought that she looked only fourteen or fifteen. Tr. 186. Perhaps the most telling testimony came from Appellant himself who stated that the victim, "looked about sixteen to me," in January, 1996. Tr. 324.
In spite of Appellant's contentions, there was evidence that Appellant knew, suspected or should have known that Jewelene Jackson was only fifteen years old on January 11, 1996. There was conflicting evidence as to whether the victim had ever held herself out as being seventeen. Based on the evidence, the jury could have reasonable inferred that Appellant knew that the victim was less than sixteen years old or that he recklessly disregarded that fact Having reviewed the record, we cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that would demand our reversal.
Accordingly, Appellant's first assignment of error is overruled.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN SUSTAINING THE OBJECTION OF THE PROSECUTOR THAT THE QUESTION OF APPELLANT'S COUNSEL TO THE WITNESS CHERIE ANN JENKINS WAS TOO BROAD."
Appellant argues that the trial court erred by sustaining the state's objection to the following question asked of defense witness Cherie Ann Jenkins: "Is there anything else that you would like to bring to this jury's attention regarding what you know about this matter?" Tr. 300. The court sustained the objection on the grounds that the question was too broad. Appellant argues that the trial court's decision infringed upon a substantial right as it precluded his presentation of evidence which would have impacted on the jury's verdict.
Appellant's assignment of error on this issue is without merit.
Evidentiary rulings lie within the broad discretion of the trial court and prejudicial error cannot be predicated on the exclusion of evidence unless the trial court has clearly abused its discretion and a substantial right of the defendant was affected or he was materially prejudiced. State v. Jones
(1992), 83 Ohio App.3d 723, 730 citing Evid.R. 103, State v.Gilmore (1986), 28 Ohio St.3d 190. The term "abuse of discretion" connotes more than an error of judgment; it implies that the attitude of the court was unreasonable, arbitrary or unconscionable. State v. Adams (1980) 62 Ohio St.2d 151, 157.
In the present matter, we find no abuse of discretion. An evidentiary ruling excluding evidence cannot be the basis of a claim of error unless the person claiming such error can show that an offer of proof was made or that the substance of the excluded evidence was apparent to the court. Evid.R. 103 Evid.R. 103 states, in pertinent part:
 "(A) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
"* * *
 "(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which question were asked. Offer of proof is not necessary if evidence is excluded during cross examination."
If the party claiming the error cannot establish this requirement of Evid.R. 103(A)(2), the error is deemed waived.Campbell v. Johnson (1993), 87 Ohio App.3d 543, 531.
In the matter before us, Appellant's counsel made no offer of proof. The only question remaining is whether the excluded testimony of Cherie Ann Jenkins was apparent to the court from the context of the questioning. Appellant's counsel questioned the witness on direct examination as follows:
 "Q. So, again, did you become aware that there had been a charge filed?
"A. Yes.
 "Q. Okay. And did you have occasion to discuss that with her?
"A. Yeah, I did.
 "Q. Okay. And did she make any comments that you have knowledge about that you can relate to this court?
 "A. Well, she told me that she had lied about the rape, because she was mad at him for something, and I don't know what it was.
 "Q. Okay. Did she relate what kind of relationship she has with her parents?
 "A. No. I never really — well, yeah. But it was like, it was a thing that I can't say nothing about, because it — you know . . . Because she had a lot of problems, and I don't even want to —
 "Q. — She had a lot of problems where? At home?
"A. Yeah, with her family.
 "Q. Okay. And so, she felt — did she describe to you why she concocted this story then?
 "A. No, she didn't tell me why she said that.
 "Q. Okay. Is there anything else that you would like to bring to this jury's attention regarding what you knew about this matter?
"A. This matter?
"Q. Um huh (indicating yes.)
"A. Well, I just know that he —
"[Prosecutor] : — objection, Your Honor
 "THE COURT: Yes, sustained. That's — well, it's — it is too broad a question, Mr. Slack, for a direct question.
 "Q. Are there any comments that she made to you that you believe this Court should be aware of:
"[Prosecutor] : Objection.
"THE COURT: Sustained.
"Q. Okay. I have nothing further.
Tr. 300-02.
The transcript does not reveal any clear, sustained line of questioning of the witness by Appellant's counsel. Counsel was jumping from point to point. Counsel concluded with a completely open-ended question that could have allowed the witness to talk about anything, relevant or not. Appellant's counsel made no offer of proof of the anticipated testimony despite a clear opportunity to do so. Moreover, the nature of the excluded testimony is not clear from the context. As such, we find nothing unreasonable, arbitrary or unconscionable in the trial court's ruling on the state's objection. Regardless, any error is deemed waived, as it was not brought first to the attention of the trial court. Accordingly, we overrule this assignment of error.
Appellant's third assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO ORDER A PRE-SENTENCE INVESTIGATION PRIOR TO SENTENCING OF APPELLANT."
Appellant argues that the trial court erred by overruling his motion for a pre-sentence investigation (PSI) prior to imposing his sentence to two years incarceration. Appellant contends that ordering and review of a PSI was necessary for possible mitigation of his sentence.
Again, we must find that Appellant's assignment of error is without merit.
Crim.R. 32.2(A) requires that, in felony cases, a court must order a PSI before granting probation. The Ohio Supreme Court has unequivocally declared that, "[a] trial court need not order a presentence report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted." State v. Cyrus
(1992), 63 Ohio St.3d 164, syllabus of the court. In the present case, Appellant was not granted probation. Accordingly, we overrule this assignment of error.
Appellant's fourth assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO STATE ON THE RECORD WHAT MITIGATING CRITERIA, IF ANY, WAS CONSIDERED BY THE COURT IN THE SENTENCING OF THE APPELLANT."
Appellant argues that the trial court committed reversible error in imposing the maximum jail sentence of two years of actual incarceration without stating in the record that the court considered the mitigating factors listed in R.C. § 2929.12
relating to felony sentencing. Appellant admits that a silent record presumes that the trial court considered relevant aggravating and mitigating factors. However, Appellant argues that the very fact that the trial court imposed the maximum sentence rebuts that presumption. Appellant's arguments in this respect also fail.
A trial court is vested with broad discretion in imposing a felony sentence. That sentence will not be reversed unless it is statutorily incorrect or the trial court abused its discretion by failing to consider the statutory sentencing factors. State v. Perkins (1994), 93 Ohio App.3d 672, 684-685, citing State v. Kroner (1988), 49 Ohio App.3d 133; State v.Henry (1987), 37 Ohio App.3d 3; State v. Yontz (1986), 33 Ohio App.3d 342. As we stated earlier, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Statev. Adams, supra, 157.
The version of R.C. § 2929.12 in effect at the time that Appellant committed the crime for which he was sentenced and applicable to his sentencing provided that when imposing sentence, the trial court must consider a number of factors enumerated within that section. However, there is no requirement pursuant to that section which would require the trial court to elaborate on the record in what manner it considered those factors. Furthermore, "[i]t is well established * * * that a trial court is not required to expressly state on the record that it considered the factors set forth in R.C. § 2929.12 prior to sentencing." State v. Hamann
(1993), 90 Ohio App.3d 654, 661.
Appellant correctly concedes that it is presumed that a trial court properly considered the R.C. § 2929.12 factors when the record is silent in that respect. State v. Adams (1988),37 Ohio St.3d 295, paragraph three of the syllabus. Appellant points to the court's denial of his motion for a PSI and to the fact that the court imposed the maximum sentence as evidence that the trial court did not consider mitigating factors when imposing his sentence. For that proposition Appellant relies primarily on State v. Cable (1985) 24 Ohio App.3d 88. However, Cable does not support Appellant's argument. In that case, the court stated that, "[a]lthough Ohio Law does not require the trial court to state on the record the reasons for the sentence imposed * * * the record must indicate that the court considered the statutory criteria rather than acting arbitrarily." Id., 91. Incidental to the rule stated in Cable, the court found the record, "* * * devoid of any indication * * *," that the trial court considered the statutory criteria. Id. (Emphasis added.) However, the court did not state as a matter of law, as Appellant would have us adopt, that a PSI is mandatory when imposing a maximum sentence. As we stated earlier, a PSI is only mandatory when imposing probation. Although a PSI may be strong evidence that the court considered mitigating factors, it does not follow that the lack of a PSI is tantamount to a lack of consideration of mitigating factors.
With nothing further offered by Appellant, we must presume that the trial court properly considered all relevant factors under R.C. § 2911.12 and did not abuse its discretion in imposing sentence on Appellant. Accordingly this assignment of error lacks merit and we affirm the jury verdict and sentence of the trial court.
Donofrio, J., concurs, Vukovich, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE