OPINION
{¶ 1} Defendant-Appellant, John L. Mullins, appeals a judgment of the Montgomery County Common Pleas Court finding him guilty of two counts of gross sexual imposition and sentencing him to five years in prison on each count, to be served consecutively. Mullins asserts that the trial court erred in sentencing him and in making his sexual predator *Page 2 
determination. Finding that the trial court did not err in imposing sentence, we affirm the judgment of the trial court.
 {¶ 2} Mullins was convicted by a jury of two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree, as the result of sexual contact with two boys, age 8 and 11 in 2002. He was indicted on these charges in May 2004 and convicted on July 7, 2005. On August 23, 2005, Mullins was sentenced to two maximum sentences of five years each, consecutive, fined $10,000 on each count, and he was also found to be a sexual predator.
 {¶ 3} Mullins appealed both his conviction and the sentence. On that appeal, we affirmed his conviction, but we reversed and remanded the sentencing on the basis of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. State v. Mullins, Montgomery App. No. 21277, 2007-Ohio-1051.
 {¶ 4} Upon remand, the trial court resentenced Mullins to the same sentence as originally imposed. It is from that sentencing that Mullins brings the instant appeal setting forth four assignments of error for our review.
 First Assignment of Error {¶ 5} "The trial court abused its discretion in giving Appellant the maximum sentence allowed under the statute."
 Second Assignment of Error {¶ 6} "The trial court abused its discretion in ordering the appellant to serve his sentences consecutively."
 {¶ 7} In these assignments, Mullins argues that the facts in his case do not support the *Page 3 
imposition of maximum consecutive sentences and that doing so constituted an abuse of discretion by the trial court.
 {¶ 8} A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Durham, Montgomery App. No. 21589,2007-Ohio-6262; State v. Lytle (July 31, 1998), Clark App. No. 97 CA 100, citing State v. Yontz (1986), 33 Ohio App.3d 342, 343,515 N.E.2d 1012. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. A court will not typically be found to have abused its discretion in sentencing if the sentence it imposes is within the statutory limits. State v. Burge
(1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866.
 {¶ 9} In exercising its discretion, however, the trial court must consider the factors set forth in R.C. 2929.11, 2929.12 and 2929.13. But, the trial court is not required to expressly state on the record that it considered these statutorily enumerated sentencing factors.State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303. Where the record is silent, a presumption exists that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297,525 N.E.2d 1361. Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. State v.Taylor (1992), 76 Ohio App.3d 835, 839, 603 N.E.2d 401; State v.Crouse (1987), 39 Ohio App.3d 18, 20, 528 N.E.2d 1283. Consequently, the appellant has an affirmative duty to show otherwise.
 {¶ 10} In this regard, the Supreme Court has stated, in State v.Cyrus (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94, that: "Nothing in the statute or the decisions of this court *Page 4 
imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria."
 {¶ 11} In the instant case, based upon the record before us, we presume that the trial court considered the appropriate statutory factors. The transcript of the first sentencing at which the trial court imposed the ten-year sentence on Mullins reflects that the trial court found, upon reviewing the facts of the case and Mullins' criminal history, that he had committed the worst form of the offense; that his conduct was more serious than normally exists in this offense; that the likelihood of Mullins' recidivism was more likely; that no single sentence would be appropriate; and that consecutive sentences were necessary to protect the public from Mullins.
 {¶ 12} The trial court based these findings on a number of factors that were reported in the pre-sentence investigation report, which was a part of the record in this case. The trial court found that the age of the victims and the serious psychological harm caused to them made the offense more serious. The trial court also discussed Mullins' prior criminal history, consisting of two prior felony convictions, one of which was a sexual assault on a young boy in Florida, and that Mullins had previously been placed upon probation, which had been revoked prior to its completion. The court also found from the evidence that in the case of all of his prior victims, Mullins claimed to have been in a self-induced state of alcoholic blackout at the time of each molestation, which resulted in his claiming to have no memory of any of the offenses. The court explained numerous reasons supporting its finding that Mullins showed no remorse for his crimes in this case. Finally, the court determined, in support of the consecutive sentences that there were two separate victims molested on two separate dates, resulting from *Page 5 
Mullins "conning [him]self into the families and then taking advantage of the children."
 {¶ 13} At the resentencing the trial court stated that, upon review, it would impose the identical five-year maximum sentence on each count and order that they be served consecutively.
 {¶ 14} Based on the foregoing, we find no indication of an abuse of discretion on the part of the trial court in imposing the ten-year sentence herein. Mullins has failed to demonstrate that the trial court did not consider the appropriate sentencing factors, and therefore, the sentence is not an abuse of discretion.
 {¶ 15} Mullins' first and second assignments of error are overruled.
 Third Assignment of Error {¶ 16} "The trial court abused its discretion by imposing fines totaling twenty thousand dollars on appellant who is indigent."
 {¶ 17} In this assignment, Mullins claims that "the trial court imposed on Mr. Mullins a fine of ten thousand dollars ($10,000) for each count he was convicted." Perhaps appellate counsel should have read the transcript of the re-sentencing hearing prior to preparing his brief.
 {¶ 18} The transcript provides as follows: "The court has reviewed the imposition of the fines in this case and will not impose the maximum — will not impose any fine in either of the two cases." The termination entry provides: "it is the ORDER OF THE COURT THAT NO FINE BE IMPOSED."
 {¶ 19} Mullins' third assignment of error is overruled.
 Fourth Assignment of Error {¶ 20} "The trial court erred by designating the appellant as a sexual predator without *Page 6 
him being present."
 {¶ 21} In this assignment, Mullins correctly argues that at the re-sentencing hearing, while Mullins was present, the trial court did not address Mullins' sexual predator status. He further claims that Mullins' sexual predator status was discussed between the court and the prosecuting attorney, one week later, during an open court session, without having Mullins present, and that the trial court again determined Mullins to be a sexual predator.
 {¶ 22} Here, Mullins mischaracterizes the action that the trial court took on May 22, 2007. According to the transcript of that proceeding, Mullins' counsel advised the court, on the record, that Mullins' sexual predator classification had not been appealed, and was not therefore on remand to the trial court. The trial court acknowledged that, stating that it did not intend to disturb the prior classification, but merely thought Mullins should have been re-advised of his obligation to register upon release from prison.
 {¶ 23} Proceedings under R.C. Chapter 2950 are civil rather than punitive or criminal. State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, 773 N.E.2d 502, certiorari denied Hayden v. Ohio (2003),537 U.S. 1197, 123 S.Ct. 1265, 154 L.Ed.2d 1035; State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. They are therefore not a part of the criminal sanctions imposed upon a convicted defendant as provided under the sentencing statutes. A sexual predator determination is a separate proceeding and must be determined in a separate hearing prior to sentencing. R.C. 2950.09(B)(1), (2).
 {¶ 24} In this case, Mullins failed to appeal his sexual predator determination in his initial merit appeal. Mullins, supra. Therefore, it was not a part of the remand to the trial court at the resentencing hearing. The Supreme Court, has held that "any issue that could have been *Page 7 
raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, 846 N.E.2d 824, at ¶ 17. As the court explained, "res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which defendant already received a full or fair opportunity to be heard." Id. at ¶ 18.
 {¶ 25} Applying those principles, if a defendant fails to appeal his sexual predator determination, there is no second opportunity to revisit the issue even upon a remand for resentencing. Therefore, any determination made by the trial court with or without the presence of Mullins is void, and the original sexual predator determination made by the trial court in August 2005 stands. Because the trial court's termination entry simply reaffirms the prior determination, Mullins has not been prejudiced.
 {¶ 26} Mullins' fourth assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
FAIN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1