[Cite as *State v. Atchison*, 2012-Ohio-6036.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-44 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-131 |
| v. | : | |
| | : | |
| CHRISTOPHER ATCHISON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of December, 2012.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

ANN M. CURRIER, Atty. Reg. #0082305, Gorman, Veskauf, Henson & Wineberg, 4 West Main Street, Suite 723, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Defendant-Appellant, Christopher Atchison, was indicted on seven counts of

unlawful sexual conduct with a minor, each a third-degree felony. The counts involved three victims, each of whom was 15 years old at the time of the offenses. Atchison was 37 at the time.

{¶ 2} On April 30, 2012, the defendant entered into a plea agreement with the State of Ohio. In exchange for his pleading guilty to three of the charged offenses, one for each victim, the State dismissed the other four charges. The trial court conducted a plea hearing in compliance with Crim.R. 11. The court determined that the defendant "knowingly, voluntarily, and intelligently waived his rights and entered a plea of guilty to Counts One, Five, and Six, each a charge of unlawful sexual conduct with a minor, a felony of the third degree." (Plea Tr. 14). Based on his pleas, the court found the defendant guilty of the offenses charged in those counts. The defendant's pleas were both oral and written. (Dkt 9). The court ordered a presentence investigation.

{¶ 3} At the sentencing hearing on May 22, 2012, the trial judge, as well as counsel for the State and counsel for the defendant, said that he had reviewed the presentence investigation report. The State's counsel, defendant's counsel, and the defendant himself each addressed the court. The court noted that the defendant had had sex with one of the victims multiple times, that one of the victims had been diagnosed with a sexually-transmitted disease, and that another victim had an I.Q. of 60. At least two of the victims, the court also noted, were experiencing serious emotional trauma. The court further noted that the defendant got involved with the victims by befriending their parents. The court stated that it saw "no factors which would make any of these offenses less serious." (Sentencing Tr. 11).

{¶ 4} The court then said that it was "guided by the two overriding principles of

sentencing: To protect the public and to punish the offender." (*Id*. at 12). The court found that at least two of the offenses were committed as part of one or more courses of conduct, and found that the harm caused by the multiple offenses was so great or unusual that no single prison term was adequate. Saying that it had reviewed the defendant's criminal record, the court determined that "the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant." (*Id*. at 13).

{¶ 5} The trial court imposed a five-year prison term for each of the three offenses and ordered that the prison terms be served consecutively. The court also imposed mandatory post-release control for a period of five years, classified the defendant as a Tier II sex offender, and explained to the defendant his sex-offender-registration requirements.

{¶ 6} The Judgment Entry of Conviction states that the court considered the purposes and principles of sentencing in R.C. 2929.11 and balanced the seriousness and recidivism factors in R.C. 2929.12. (Dkt. 9). The entry also recites several of the statutory seriousness factors. The entry states that "[t]he court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the offender's conduct and the danger the offender poses to the public * * *." (*Id*.). Further, the entry reiterates that at least two of the multiple offenses were part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the defendant's conduct (as indicated by R.C. 2929.14(C)(4)(b)). And the entry states that the defendant's criminal history demonstrates that consecutive sentences are necessary (as

indicated by R.C. 2929.14(C)(4)(c)).

**{¶ 7}** It is from this entry that the defendant appealed.

**{¶ 8}** Appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issue for our review., and asked to withdraw. The defendant was notified by this Court, in writing, that counsel had filed the *Anders* brief, and the defendant was given a specific opportunity to file a brief of his own. He did not do so.

**{¶ 9}** Despite counsel's assessment, counsel in the *Anders* brief suggests two potential issues for review: (1) whether the trial court appropriately considered the sentencing factors of R.C. 2929.12 when determining the length of the defendant's sentences, and (2) whether the trial court set forth the findings necessary for consecutive sentences required by 2929.14(C)(4). We agree that neither issue has arguable merit.

**{¶ 10}** A sentencing court is not required to make specific findings demonstrating that it considered the general sentencing statutes. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *State v. Lewis*, 2d Dist. Greene No. 06 CA 119, 2007-Ohio-6607. Even if the record is silent, a presumption exists that the trial court has considered the statutory factors. *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988). When a sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors. *State v. Taylor*, 76 Ohio App.3d 835, 839, 603 N.E.2d 401 (2d Dist.1992); *State v. Crouse*, 39 Ohio App.3d 18, 20, 528 N.E.2d 1283 (2d Dist.1987).

**{¶ 11}** Here the trial court stated on the record that it was guided by the general

principles of sentencing, and the court expressly said that it had considered several factors. The Judgment Entry of Conviction reiterates those considerations. More is not necessary. The first potential issue suggested by counsel does not have arguable merit.

{¶ 12} Nor does the second potential issue have arguable merit. We have held:

There is no constitutional requirement that a sentencing court make findings of fact before ordering consecutive sentences. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 26. While R.C. 2929.14(C)(4) requires a sentencing court to make specific findings before imposing consecutive sentences, the statute does not require a sentencing court to specifically identify the factual bases for those findings. In other words, * * * a sentencing court is not required to explicitly identify the matters upon which it relied in imposing consecutive sentences.

*State v. Wilson*, 2d Dist. Montgomery No. 24979, 2012-Ohio-4756, ¶ 18. Here, the trial court's findings regarding consecutive sentences track the statutory language and are sufficient to support the imposition of consecutive sentences.

{¶ 13} Finally, pursuant to our responsibilities under *Anders*, we independently reviewed the record in this case. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 14} Counsel's request to withdraw from further representation is granted, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Lisa M. Fannin
Ann M. Currier
Christopher Atchison
Richard J. O'Neill