OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's brief. Appellant, Dujuan Poindexter, appeals the decision of the Youngstown Municipal Court sentencing him to sixty days in jail and one year of reporting probation for committing aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. Poindexter claims that the trial court erred in imposing jail time as this was inconsistent with the overriding purposes of misdemeanor sentencing. However, we cannot say the trial court abused its discretion in sentencing Poindexter given the nature and the circumstances of the crime.
 {¶ 2} On November 20, 2004, Dujuan Poindexter allegedly pointed a gun at Valyn Underwood's head and threatened to kill her. Poindexter was arraigned and pled not guilty to the charge of aggravated menacing. A Rule 11 plea agreement was reached. However, the trial court rejected the deal. Poindexter then agreed to plead no contest to the single count. The court ordered a pre-sentence investigation and after reviewing the report and hearing from both Poindexter and his counsel, the court sentenced Poindexter to sixty days in county jail and one year of reporting probation.
 {¶ 3} As his sole assignment of error, Poindexter asks this court to decide:
 {¶ 4} "Did the trial court abuse its discretion when it imposed county jail time on the Defendant-Appellant at his sentence?"
 {¶ 5} Poindexter was convicted of aggravated menacing, a misdemeanor of the first degree, in violation of R.C. 2903.2(A) which provides:
 {¶ 6} "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
 {¶ 7} Poindexter contends that his sixty day jail sentence violates the new misdemeanor sentencing guidelines which took effect on January 1, 2004. Poindexter contends that the purpose of misdemeanor sentencing is now: 1) to protect the public from future crime; and 2) to punish the offender. R.C. § 2929.21(A).
 {¶ 8} According to this Court's decision in State v.Crable, 7th Dist. No. 04 BE 17, 2004-Ohio-6812:
 {¶ 9} "Sentencing is within the discretion of the trial court and ordinarily will not be disturbed absent an abuse of discretion. State v. Wagner (1992), 80 Ohio App.3d 88, 95, citing Columbus v. Jones (1987), 39 Ohio App.3d 87. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Joseph (1996), 109 Ohio App.3d 880,882, citing State v. Adams (1980), 62 Ohio St.2d 151, 157. When reviewing a sentence, an appellate court should be guided by the presumption that the trial court's findings were correct. In theMatter Of: Michael L. Slusser (2000), 140 Ohio App.3d 480,487.
 {¶ 10} "According to R.C. 2929.22, the trial court must consider the criteria listed in that statute before sentencing someone convicted of a misdemeanor. However, the trial court is not required to recite on the record its reasons for imposing the sentence. State v. Baker (1984), 25 Ohio Misc.2d 11, 13, citingState v. Bentley (May 6, 1981), 1st Dist. No. C-800378. Failure to consider the sentencing criteria is an abuse of discretion; but when the sentence is within the statutory limit, a reviewing court will presume that the trial judge followed the standards in R.C. 2929.22, absent a showing otherwise. Wagner,80 Ohio App.3d at 95-96. Failing to explain the statutory reasons behind a certain sentence is only fatal if there are mitigating factors without any aggravating factors given at the sentencing hearing.State v. Flors (1987), 38 Ohio App.3d 133, 140. A silent record raises the presumption that the trial court considered all of the factors listed in R.C. 2929.12. State v. Fincher (1991),76 Ohio App.3d 721, 727, citing State v. Adams (1988),37 Ohio St.3d 295." Id. at ¶ 23-24.
 {¶ 11} Poindexter contends that the trial court failed to consider any of the criteria for imposing sentences as found in R.C. § 2929.22(B), which states:
 {¶ 12} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 13} "(a) The nature and circumstances of the offense or offenses;
 {¶ 14} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 15} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 16} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 17} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.
 {¶ 18} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code."
 {¶ 19} Poindexter claims that the trial court should have taken into account the fact that he was only nineteen at the time the crime occurred, that it was not a random act, that he did not actually cause harm to the victim, that he has no prior criminal record, and that there was no concrete evidence that a gun was present during the commission of the offense. He argues that the trial court ignored all of these mitigating factors and focused solely on the circumstances of the crime.
 {¶ 20} However, the PSI in this case reveals that Poindexter's actions were much more serious than what his brief would lead one to believe. Although the PSI itself is confidential, the police report which describes the events leading up to Poindexter's arrest is public record. See, e.g.,State ex rel. Beacon Journal Publishing Co. v. Maurer (2001),91 Ohio St.3d 54, 57; State ex rel. Steckman v. Jackson
(1994), 70 Ohio St.3d 420, paragraph five of the syllabus; Stateex rel. Cincinnati Inquirer v. Hamilton Cty. (1996),75 Ohio St.3d 374, 378. The report in this case states in part:
 {¶ 21} "Officer conducted interview of listed victim and discovered that listed suspect had arrived at her 730 Cambridge Ave. home and made an allegation that she (victim) had assaulted his (suspect) sister. Victim stated that she had not. Suspect at this time produced from his right pants pocket before stated SW .357 revolver, leveling weapon at victim and cocking the hammer. Weapon was concealed within suspects pants upon initial contact with victim. Valyn Underwood, victim, feared for her life, believing that she was about to be shot. Victim's family observing this event came to assist. At this time listed suspect D.A. Poindexter Jr. stated `All you all can get it' as muzzle of weapon of weapon was jestured to other family members, point of aim remaining victim. Victim feared for her life, as well as those of her family at this time. Within seconds of police arrival suspects father arrived on scene, and at risk to his safety managed to disarm his son, placing weapon in his vehicle to be discovered by arriving officers."
 {¶ 22} The trial court reviewed this report and explained to Poindexter:
 {¶ 23} "But for I don't know what but you would have been up here on a preliminary hearing, getting ready to go to the Grand Jury for a felony for probably some serious harm to somebody, up to and including a fatality. For me that is how serious this is and for me I think you need to understand how serious it is. And I don't take it lightly, regardless of your age. What happened, how you felt about the situation and dealing with the situation you need to understand the gravity of what happened and what didn't happen and what could have happened.
 {¶ 24} The court then went on to sentence Poindexter to sixty days in jail, out of a possible 180 for a first degree misdemeanor. R.C. 2929.24. Although Poindexter did not have a prior criminal record, it would appear that the trial court did not abuse its discretion by imposing a jail term in this case given the nature and circumstances of the offense. See R.C. §2929.22(B)(1)(a). Arguably, Poindexter could have been convicted of this crime even if he had not brought a gun with him. The fact that he did bring a gun to the scene and then cocked it before pointing it at the victim's head greatly increases the severity of this crime. As the trial court pointed out, this could have easily escalated to a felony of the first degree rather than a misdemeanor. Accordingly, Appellant's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.