OPINION
{¶ 1} The defendant-appellant, Jerome N. Jackson ("Jackson"), appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of 12 years.
 {¶ 2} On January 16, 2003, the Allen County Grand Jury indicted Jackson on one count of escape, a violation of R.C.2921.34(A)(1) and (C)(2)(a), a felony of the second degree, and one count of felonious assault on a police officer, a violation of R.C. 2903.11(A)(2), a felony of the first degree. Both offenses were committed on November 21, 2002. The case proceeded to jury trial on April 26, 2004, and the jury returned a guilty verdict on each count. On June 10, 2004, the trial court held a sentencing hearing and ordered Jackson to serve four years in prison on the escape charge consecutive to eight years in prison on the felonious assault charge, for an aggregate prison term of 12 years. Jackson appealed the verdict and the sentence. InState v. Jackson, 3rd Dist. No. 1-04-52, 2005-Ohio-1083, we affirmed the conviction; however, we reversed the imposition of consecutive sentences and remanded the matter to the trial court.
 {¶ 3} Jackson was re-sentenced on March 17, 2006. The re-sentencing was delayed because Jackson filed a motion for reconsideration with the court, which was denied. Jackson also sought discretionary appeals with the Ohio Supreme Court, both of which were not allowed. See State v. Jackson,106 Ohio St.3d 1484, 2005-Ohio-3978, 832 N.E.2d 737; State v. Jackson,106 Ohio St.3d 1509, 2005-Ohio-4605, 833 N.E.2d 1250. Therefore, the trial court, guided by the Ohio Supreme Court's holding in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, imposed an identical sentence; four years for escape consecutive to eight years for felonious assault. Jackson appeals the trial court's sentencing judgment entry and asserts the following assignments of error:
The sentence is contrary to law.
 The felony sentencing statutes as applied pursuant to State v.Foster violate the retroactive [sic] clause of Section 28,Article II of the Ohio Constitution and ex post facto clause ofSection 10, Article I of the United States Constitution.
 {¶ 4} In the first assignment of error, Jackson contends the trial court did not comply with R.C. 2929.12(A) by failing to consider the seriousness and recidivism factors. Jackson contends he "set forth that there were no applicable seriousness and recidivism factors" during the hearing. Jackson's assignment of error and argument in support thereof indicate that he only challenges the trial court's failure to consider mitigating factors and the court's failure to comply with the statute. In response, the State of Ohio ("State") argues neither the plain language of the statute, nor any case law requires the trial court "to specifically state on the record that it has considered sentencing factors." We find Jackson's argument without merit.
 {¶ 5} Generally, "`[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.'" State v. Cyrus (1992), 63 Ohio St.3d 164, 166,586 N.E.2d 94 (quoting State v. Adams (1988), 37 Ohio St.3d 295,525 N.E.2d 1361, paragraph three of the syllabus). "Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." Id. See also State v. Goucher, 3rd Dist. No. 4-98-12, unreported. During the sentencing hearing, the court stated:
[t]he court would make a part of its reasons the details forthe instant offense, which is made a part in court's exhibit "AA"the PS — pre-sentence investigation and also the court was anddid preside over the instant trial and heard the evidence in thisparticular instance.
(Hearing Tr., May 22, 2006, at 6:8-14). The court allowed Jackson to speak in mitigation and noted Jackson's genuine remorse for his actions. (Id. at 9:12-14). Also, in the judgment entry filed on March 17, 2006, the court noted it had "considered the record, oral statements, any victim impact statement, and the pre-sentence report." J. Entry, Mar. 17, 2006. While the trial court did not specifically mention the statutory factors, on this record, we cannot find that Jackson met his burden under Cyrus.
The first assignment of error is overruled.
 {¶ 6} In the second assignment of error, Jackson contends the sentence imposed pursuant to Foster violates the federal ex post facto clause and the state's prohibition against retroactive laws. Jackson argues the new sentence violates his due process rights because the effect of Foster is to create an ex post facto law. Jackson contends that Foster applies retroactively and increases the penalty for offenses committed prior to the court's decision. Under Bouie v. Columbia (1964), 378 U.S. 347,84 S.Ct. 1697, 12 L.Ed.2d 894, Jackson contends the test of whether a judicial act creates an ex post facto law is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Jackson essentially seeks the benefit of Foster's substantive holding, but he wishes to avoid the remedial holding.
 {¶ 7} For the reasons articulated in State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-___, we find Jackson's arguments without merit. We note, as to this case, that each offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion inMcGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for first and second degree felonies has remained unchanged, so Jackson had notice of the potential sentences for each offense. We find Jackson's argument without merit. The second assignment of error is overruled.
 {¶ 8} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment affirmed.
 Shaw and Cupp, JJ., concur.