OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Kevin S. Latham, filed July 13. 2005. Latham was indicted on February 17, 2005, on one count of domestic violence, in violation of R.C.2919.25(A), and two counts of disrupting public service, in violation of R.C. 2909.04(A)(3). Latham entered pleas of not guilty, which he later withdrew. On April 7, 2005, *Page 2 
Latham pled guilty to domestic violence, and the other charges against him were dismissed. The trial court imposed the maximum sentence, a five year prison term, on May 31, 2005. Latham was appointed appellate counsel who, on October 19, 2005, filed a brief pursuant to Anders v.California (1967), 386. U.S. 738. We determined that at least one issue has arguable merit for appeal and appointed new counsel for Latham. Latham asserts one assignment of error as follows:
 {¶ 2} "THE TRIAL COURT ERRED IN SENTENCING MR. LATHAM TO THE MAXIMUM FIVE YEAR TERM AS THE STATUTE UNDER WHICH MR. LATHAM'S SENTENCE WAS IMPOSED IS UNCONSTITUTIONAL. [2929.14(c)]"
 {¶ 3} Latham relies on State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833.
 {¶ 4} The State concedes that Foster applies here and that Latham was sentenced in violation of the rule articulated therein. We agree. Accordingly, we sustain Latham's assignment of error, reverse the trial court's judgment and remand the cause for resentencing consistent withFoster.
 WOLFF, P.J. and FAIN, J., concur. *Page 1