JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Amir Muhammad appeals the trial court's imposition of maximum and consecutive sentences. Muhammad assigns the following errors for our review:
 "I. Defendant's sentence was contrary to law, in that the trial court erred in sentencing Defendant to maximum, consecutive terms without engaging in the analysis required by Ohio's sentencing statutes."
 "II. Defendant's sentence was contrary to law, in that the trial court erred in sentencing the Defendant to maximum, consecutive terms because said sentences were essentially imposed for crimes which had been dismissed under the plea bargain offered to Defendant."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On June 26, 2006, the Cuyahoga County Grand Jury indicted Muhammad for one count of aggravated theft, one count of breaking and entering, two counts of robbery, and one count of possessing criminal tools. The charges against Muhammad arose from the breaking into and the theft of a radio from a parked car.
 {¶ 4} Muhammad pleaded not guilty at his arraignment, and after several pre-trials, he reached a plea agreement with the prosecutor. On August 29, 2006, pursuant to the plea agreement, Muhammad pleaded guilty to one count of breaking *Page 3 
and entering and one count of theft. In addition, pursuant to the plea agreement, Muhammad agreed to serve a prison term as determined by the trial court.
 {¶ 5} On September 8, 2006, the trial court conducted a sentencing hearing. The record of the sentencing hearing reveals that on May 29, 2006, Muhammad broke into a car that was parked in front of a bar and stole the radio. As the car's owner, Audrey Krakowski, was leaving the bar, she discovered the break-in and returned to the bar to alert the owners. The owners of the bar reviewed video surveillance tapes from the cameras that are mounted all around the establishment and discovered that the cameras had recorded Muhammad breaking into Krakowski's car.
 {¶ 6} Immediately, one of the owners of the bar and a friend, both City of Cleveland firemen, drove to the Dairy Mart at the end of the block. When they arrived, they observed Muhammad coming out of the Dairy Mart and asking the people standing around if they wanted to buy a car radio. The two men confronted Muhammad, identified themselves as safety officers, and indicated that the video cameras had recorded Muhammad breaking into the car.
 {¶ 7} Muhammad attempted to flee, but the firemen wrestled him to the ground. A struggle ensued, which resulted in both Muhammad and one of the firemen sustaining injuries. However, the firemen overpowered Muhammad and held him until the police arrived. *Page 4 
 {¶ 8} At the sentencing hearing, Muhammad addressed the court and admitted that he had broken into the car. Muhammad stated that he had broken into the car because of his addiction to drugs.
 {¶ 9} The record of the sentencing hearing also revealed that Muhammad, who was 37 years old at the time of the proceeding, had 18 prior felony convictions, and had served nine separate prison terms, the longest being six years. The record also reveals that Muhammad had a long history of drug addiction.
 {¶ 10} Prior to imposing sentence, the trial court addressed Muhammad's criminal history and prior incarcerations. The trial court then stated:
 "I do need to consider, in imposing a sentence, I will need to punish you, Mr. Muhammad, the need to protect the public from future crimes. I will tell you, that's a big one for me, because I don't disagree with these guys, from the moment you get out, you'll terrorize us. I don't want you walking the streets of my neighborhood. I wouldn't want you doing it. You're just not safe. I want you to get off drugs and get a job. Until you choose to, there is nothing I can do but protect society. I'll tell you, Mr. Muhammad, six years wasn't enough for you, apparently. The most you're going to face from me is 2, with already 3 months in. Consecutive sentences are not demeaning to the seriousness of your conduct, its impact on the victims. Here's a man in a business 25 years and, I tell you, I could sense emotion in his voice about that car being broken into, being violated, because that's what it is. I got two public safety officers, their job is to protect us. These guys would protect your life if you needed it, regardless of your background. You hurt one of them and you got hurt too. You do get credit for pleading. She got a wonderful mark for you. But, I got to consider all these factors."[1] *Page 5 
 {¶ 11} The trial court then sentenced Muhammad to maximum prison terms of 12 months for each offense. The trial court also ordered Muhammad to serve the sentences consecutively for a total of two years.
 Maximum and Consecutive Sentence {¶ 12} Because of the substantial interrelationship between Muhammad's two assigned errors, we will address them together. In the instant appeal, Muhammad argues the trial court erred by imposing maximum and consecutive sentences without specifically considering the factors set forth in R.C. § 2929.12. We disagree.
 {¶ 13} A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion.[2] The term "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[3] A court will not be found to have abused its discretion in sentencing if the sentence it imposes is within the statutory limits.[4]
 {¶ 14} In exercising its discretion, however, the trial court must consider the factors set forth in R.C. 2929.12.[5] The trial court is not required to expressly state on *Page 6 
the record that it considered statutorily enumerated sentencing factors.[6] Where the record is silent there exists a presumption that the trial court has considered the factors.[7] Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors.[8] Consequently, the appellant has an affirmative duty to show otherwise.
 {¶ 15} Moreover, the defendant bears the burden to show that the sentencing court failed to consider appropriate criteria. In State v.Cyrus,[9] the Ohio Supreme Court stated:
 "Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria."[10] In the instant case, we presume that the trial court considered the appropriate
statutory factors. The record before the trial court showed that Muhammad, age 37, had 18 prior felony convictions, had served nine separate prison terms since age 19, with the longest sentence being six years, and had a long history of drug abuse. *Page 7 
 {¶ 16} In addition, the trial court expressed a desire to see Muhammad drug-free and gainfully employed. This indicated the court's consideration of the nature and circumstances of Muhammad's offense as well as factors present in his history, character and condition that indicated that Muhammad would offend again. The nature and circumstances of the offense in question, as well as the history, character and condition of Muhammad were adversely affected by his addiction to illegal drugs.
 {¶ 17} Further, the offenses giving rise to the instant appeal, by their very nature, indicate Muhammad's actions either caused harm or threatened harm to persons or property. There was no evidence of provocation which would mitigate the offenses. Based on the frequency of Muhammad's criminal behavior, it was reasonable for the trial court to conclude he was likely to commit another offense.
 {¶ 18} Based on the foregoing, we find no indication of an abuse of discretion on the part of the trial court in imposing maximum and consecutive sentences. Muhammad has failed to rebut the presumption, or refute the record before us, that the trial court considered the appropriate sentencing factors, despite the absence in the record of the trial court's express reference to each factor individually.
 {¶ 19} Muhammad also argues that the sentence imposed was essentially for crimes which had been dismissed pursuant to the plea agreement. We find no merit *Page 8 
in Muhammad's assertions. A review of the record before us indicates that the trial court only imposed sentences for the crimes for which Muhammad pleaded guilty. Muhammad pleaded guilty pursuant to an agreement with the prosecutor and stipulated that he would serve a term of imprisonment for said crimes. The record establishes that the trial court sentenced Muhammad within the statutory range for the stated offenses.[11] Consequently, we find no abuse of discretion in the trial court's decision to impose maximum and consecutive sentences. Accordingly, we overrule both assigned errors.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MARY J. BOYLE, J., CONCUR
[1] Tr. at 37-39.
[2] State v. Lytle (July 31, 1998), 2nd Dist. No. 97 CA 100 citing State v. Yontz (1986), 33 Ohio App.3d 342, 343.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 54.
[4] State v. Burge (1992), 82 Ohio App.3d 244, 249.
[5] Lytle, supra.
[6] State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303.
[7] State v. Adams (1988), 37 Ohio St.3d 295, 297.
[8] State v. Taylor (1992), 76 Ohio App.3d 835, 839; State v.Crouse (1987), 39 Ohio App.3d 18, 20.
[9] (1992), 63 Ohio St.3d 164, 166.
[10] Id.
[11] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 1