OPINION
{¶ 1} Appellant, Edwin Greitzer, appeals the judgment of conviction of the Portage County Court of Common Pleas, following the reversal of his sentence and remand of the Ohio Supreme Court pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Appellant challenges the consistency of the trial court's sentence on remand. For the reasons that follow, we affirm.
 {¶ 2} The charges stemmed from an investigation by the Portage County Sheriffs Intelligence Unit ("SIU"), which employed Ken Dippel as a confidential *Page 2 
informant. Dippel had reported to agents of the SIU that he had received information from appellant's girlfriend Deanna Cross that appellant had been selling crack cocaine from his residence in Kent, Ohio. Based upon this information, agents of the SIU, through Dippel, arranged a series of three controlled drug buys over a four-day period between appellant and Deputy Palozzi, an SIU undercover narcotics agent. The events surrounding each controlled drug buy were secretly recorded by the SIU from a transmission via a wire worn either by Palozzi or Dippel. These transmissions were monitored and recorded by SIU officers involved in the investigation.
 {¶ 3} On November 19, 2002, Palozzi made the first buy when he purchased .82 grams of crack cocaine from appellant for $100. This buy took place in the back seat of Palozzi's vehicle in a Wendy's restaurant parking lot across the street from Brimfield Elementary School. Palozzi made the second buy on November 20, 2002, when he purchased 2.98 grams of crack cocaine from appellant at his boarding house in Kent for $260. During this buy, appellant told Palozzi he cooks the crack in his microwave. The third buy, which occurred on November 22, 2002, was a "buy-bust" involving a purchase of 11.54 grams of crack cocaine from appellant in the parking lot of the Indian Valley apartment complex for $700. Following appellant's arrest on November 22, 2002, appellant signed a consent form for officers to search his room at the boarding house. The officers then conducted a consent search of his room. During that search they recovered separate containers of crack cocaine.
 {¶ 4} On January 6, 2003, the Portage County Grand Jury returned a five-count indictment against appellant, charging him with trafficking in crack cocaine, including the statutory enhancement for selling within 1,000 feet of a school, a third-degree felony, in *Page 3 
violation of R.C. 2925.03(A) and (C)(4)(c) (Count One); trafficking in crack cocaine, a fourth-degree felony, in violation of R.C. 2925.03(A) and (C)(4)(c) (Count Two); trafficking in crack cocaine, a second-degree felony, in violation of R.C. 2925.03(A) and (C)(4)(e) (Count Three); preparation of drugs for sale, a second-degree felony, in violation of R.C. 2925.03(A) and (C)(4)(e) (Count Four); and possession of crack cocaine, a second-degree felony, in violation of R.C. 2925.11(A) and (C)(4)(d) (Count Five).
 {¶ 5} Appellant pleaded not guilty to the charges. On August 1, 2003, following a three day trial, the jury returned a guilty verdict on all five counts. On September 15, 2003, appellant was sentenced to twelve months on each of Counts One and Two and six years on each of Counts Three, Four, and Count Five, all terms to be served concurrently.
 {¶ 6} Appellant appealed his conviction and sentence to this court inState v. Greitzer, 11th Dist. No. 2003-P-0110, 2005-Ohio-4037. This court affirmed in part and reversed in part, holding that the statutory enhancement for selling within 1,000 feet of a school had not been proven beyond a reasonable doubt and that the trial court had failed to advise appellant concerning post-release control.
 {¶ 7} Appellant's discretionary appeal was allowed by the Ohio Supreme Court in State v. Greitzer, 107 Ohio St.3d 1696, 2005-Ohio-6763. The Court reversed appellant's sentence in In re Ohio Crim. SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 118, and remanded the case for resentencing pursuant to Foster, supra. *Page 4 
 {¶ 8} The trial court resentenced appellant on August 8, 2006. During the sentencing hearing appellant requested that his original sentence be reduced to be in line with the sentences the court had imposed in various other drug cases between 2000 and 2006. Appellant testified and presented several witnesses who testified on his behalf. Prior to imposing sentence, the trial court stated on the record that it had considered the probation report, the testimony of appellant and his witnesses, and the comments of appellant's counsel and those of the prosecutor. Appellant was sentenced to nine months in prison on Count One without the statutory enhancement, twelve months in prison on Count Two, and six years in prison on each of Counts Three, Four, and Five, all terms to be served concurrently. This appeal follows.
 {¶ 9} For his sole assignment of error, appellant asserts:
 {¶ 10} "THE TRIAL COURT ERRED IN NOT ENGAGING IN ANY ANALYSIS AS TO DEFENDANT-APPELLANT'S SENTENCE IN THE FACE OF A CHALLENGE TO THE CONSISTENCY THEREOF."
 {¶ 11} Appellant argues that because he challenged the consistency of his sentence, the trial court was required to articulate the reasons for its sentence. We do not agree.
 {¶ 12} Appellant argues his sentence was inconsistent and therefore contrary to law. The pertinent standard of review is clear and convincing. R.C. 2953.08(G)(2)(b) provides in part:
 {¶ 13} "The court hearing an appeal * * * shall review the record * * *.
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand *Page 5 
the matter to the sentencing court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * the following:
 {¶ 15} "* * *
 {¶ 16} "(b) That the sentence is otherwise contrary to law."
 {¶ 17} The court in Foster severed only those sections of the appellate review statute, R.C. 2953.08(G), which referred to the severed sections of S.B. 2. The Court in Foster held: "The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Thus, the sections of the statute concerning review of judicial factfinding no longer apply. However, since R.C.2953.08(G)(2)(b) does not apply to such factfinding, but instead refers to errors in law, this statute survives with respect to the appellate standard of review of such errors. Thus, where it is argued the trial court's conduct was contrary to law, we are to apply a clear and convincing standard of appellate review. The record to be examined by a reviewing court includes the presentence or other investigative report, the trial court record, and any statements made to or by the court during the sentencing hearing. R.C. 2953.08(F)(1)-(3); see, also,State v. Boshko (2000), 139 Ohio App.3d 827, 835.
 {¶ 18} Appellant's argument can be broken down into two parts: first, he implicitly argues that his sentence was inconsistent because the court never mentioned it considered the general statutory sentencing guidelines in imposing its sentence. We do not agree.
 {¶ 19} R.C. 2929.11(B), regarding consistency in sentencing, provides:
 {¶ 20} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this *Page 6 
section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 21} The Court in Foster held: "Two statutory sections apply as a general judicial guide for every sentencing. The first, R.C. 2929.11, states that the court `shall consider' the overriding purposes of felony sentencing, which are `to protect the public from future crime by the offender and others and to punish the offender.'" Id. at ¶ 36. The Court further held: "It is important to note that there is no mandate for judicial factfinding in the general guidance statutes. The court is merely to `consider' the statutory factors." Id. at ¶ 42.
 {¶ 22} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, the Supreme Court held:
 {¶ 23} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." Id. at ¶ 38. (Emphasis added.)
 {¶ 24} We have held that sentencing consistency is not derived from the trial court's comparison of the current case to other sentences given to similar offenders for similar offenses. State v. Spellman,160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12. Rather, it is the trial court's proper application of the statutory sentencing guidelines that *Page 7 
ensures consistency. State v. Swiderski, 11th Dist. No. 2004-L-112,2005-Ohio-6705, at ¶ 58. Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory factors and guidelines.
 {¶ 25} Appellant concedes that under controlling case law, consistency is not derived from a numerical comparison to the sentences imposed on similar offenders for similar offenses, but rather from the court's consideration of the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.
 {¶ 26} In the case sub judice, the trial court did not state on the record that it had considered the guidelines and factors in R.C. 2929.11
and 2929.12. However, appellant concedes that under the Supreme Court's decision in State v. Adams (1988), 37 Ohio St.3d 295, a trial court's failure to state on the record that it considered the seriousness and recidivism factors in R.C. 2929.11 and 2929.12 "raises a presumption that the trial court did, indeed, consider these factors." Appellant further concedes that "courts require nothing in the way of stated analysis concerning the dictates of R.C. 2929.11, which sets forth the principles and purposes of sentencing."
 {¶ 27} The Supreme Court in Adams held: "A silent record raises the presumption that a trial court considered the factors contained in R.C.2929.12. "Id. at paragraph three of the syllabus.
 {¶ 28} This court adopted the Adams rule in State v. Rattay (Nov. 18, 1988), 11th Dist. No. 13-048, 1988 Ohio App. LEXIS 4594.
 {¶ 29} Prior to the Supreme Court's holding in Foster, supra, and post-Foster, Ohio Appellate Districts have repeatedly followed the Supreme Court's holding in *Page 8 Adams. In State v. Slone, 2d Dist. Nos. 2005 CA 79, 2006 CA 75,2007-Ohio-130, the Second Appellate District adopted the rule inAdams. The Court then held: "If a trial court's sentence is within the statutory limits, it will be presumed that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so." Id. at ¶ 20. The court held that presumption may be overcome when the sentence imposed is strikingly inconsistent with the R.C. 2929.12 factors applicable to the case. Id.
 {¶ 30} The Third Appellate District also adopted the Supreme Court's holding in Adams in State v. Jackson, 3d Dist. No. 1-06-26,2006-Ohio-5146. In that case the court also followed State v. Cyrus
(1992), 63 Ohio St.3d 164, 166, in which the Supreme Court held that the burden is on the defendant to come forward with evidence to rebut the presumption that the court considered the sentencing criteria.
 {¶ 31} In Jackson, the trial court had made the following comments during the sentencing hearing which the Third District found pertinent: "The court would make a part of its reasons the details for the instant offense, which is made a part in court's exhibit `AA' the PS — presentence investigation and also the court was and did preside over the instant trial and heard the evidence in this particular instance." Id. at ¶ 5.
 {¶ 32} During the sentencing hearing in Jackson, the trial court had allowed Jackson to speak in mitigation, and stated it had considered the record, oral statements, the victim impact statement, and the presentence report. The Third District held that "[w]hile the trial court did not specifically mention the statutory factors [under R.C.2929.11 and 2929.12], on this record, we cannot find that Jackson met his burden under Cyrus." Id. *Page 9 
 {¶ 33} In State v. Firouzmandi, 5th Dist. No. 2006-CA-41,2006-Ohio-5823, the Fifth Appellate District held: "There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism. * * *." Id. at ¶ 36.
 {¶ 34} The Seventh Appellate District also adopted the rule inAdams in State v. Poindexter, 7th Dist. No. 05 MA 45, 2006-Ohio-3525, at ¶ 10.
 {¶ 35} Finally, in State v. Muhammad, 8th Dist. No. 88834,2007-Ohio-4303, the Eighth Appellate District held: "In exercising its discretion, * * * the trial court must consider the factors set forth in R.C. 2929.12." Id. at ¶ 14. However, the court also held: "The trial court is not required to expressly state on the record that it considered statutorily enumerated sentencing factors. Where the record is silent there exists a presumption that the trial court has considered the factors. * * *" Id.
 {¶ 36} From our review of the record, it is clear that the trial court considered the purposes and principles of felony sentencing and the seriousness and recidivism factors in the sentencing statutes in imposing appellant's sentence. The trial court had presided over appellant's trial and had heard the evidence in the case. The court stated at the sentencing hearing that it had considered the presentence report, the statements of appellant and his witnesses, and the comments of appellant's attorney and the prosecutor. Finally, the court's sentence was within the statutory range for the offenses for which appellant stood convicted. While the trial court did not specifically mention the statutory sentencing factors, we hold that appellant did not meet his burden to rebut the presumption that the trial court considered the sentencing criteria in imposing appellant's sentence. *Page 10 
 {¶ 37} While appellant concedes that consistency in sentencing is not derived from a numerical comparison to the sentences of similar offenders for similar offenses, he argues that in imposing appellant's sentence, the trial court should have considered the sentences it imposed on other offenders. While we have held that consistency in sentencing is not derived from such a numerical comparison,Spellman, supra, we note that the other cases discussed by appellant did not present similar offenders or similar offenses. Initially, we note that none of the other offenders went to trial, but rather each of them pleaded guilty. They thus admitted their guilt, unlike appellant, in face of the overwhelming evidence presented against him.
 {¶ 38} Further, because appellant went to trial, the trial court was made aware of the extent of appellant's criminal conduct, unlike the other defendants. Here, appellant packaged crack cocaine for sale and used this criminal activity as his sole source of income to support his drug addiction and criminal lifestyle, while abandoning his wife and children. There is nothing in the record to suggest any of the other defendants had the same level of involvement in narcotics trafficking.
 {¶ 39} Next, we note that out of the ten defendants mentioned by appellant, only one of them was convicted for a second-degree felony. All the others pleaded guilty to lesser-degree felonies. However, that one defendant pleaded guilty to only one offense, while appellant was found guilty of five drug-related felonies, including three second-degree felonies. Further, there is no evidence that defendant's crimes were factually similar to those of appellant. In short, there is no evidence any of the other defendants was a similar offender or that their offenses were similar. *Page 11 
 {¶ 40} We next turn to appellant's second argument, namely, that because he challenged the consistency of his sentence, he was entitled to an explanation by the trial court concerning the reasons for the court's sentence.
 {¶ 41} The Supreme Court in Foster, supra, held: "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 42} In State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695, this court held that "[although `a trial court is required to engage in the analysis set forth by R.C. 2929.11(B) to ensure the consistency of sentences,' a court is not required to `make specific findings on the record' in this regard." Id. at ¶ 35, quotingState v. Newman, 11th Dist. No. 2002-A-0007, 2003-Ohio-2916, at ¶ 10.
 {¶ 43} Appellant's challenge on the ground of consistency did not give rise to a duty on the part of the trial court to set forth the reasons for its sentence. Appellant has not cited any authority in support of this argument. In fact, as noted supra, appellant concedes that Ohio courts require no "stated analysis concerning the dictates of 2929.11 * * *." In any event, such argument conflicts with Foster, supra, in which the Supreme Court held that trial courts have full discretion to impose sentences within the statutory range and are no longer required to make findings or set forth the reasons for their sentences. We therefore hold that the trial court was under no obligation to articulate the reasons for its sentence. *Page 12 
 {¶ 44} For the reasons stated in the Opinion of this court, the assignment of error is not well-taken. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.