OPINION
{¶ 1} Defendant-Appellant, Christopher Reese, appeals a judgment of the Montgomery County Common Pleas Court finding him guilty of two counts of rape and sentencing him to nine years in prison on each count, to be served concurrently. Reese asserts that the trial court *Page 2 
erred in sentencing him. Finding that the trial court did not err in imposing sentence, we affirm the judgment of the trial court.
 {¶ 2} Reese was convicted by a jury of two counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree, as the result of an incident that occurred in the early morning hours of March 22, 2005 after an evening of drinking and marijuana smoking. The victim of the offenses was a woman suffering from cerebral palsy, which resulted in some physical impairments and mild mental retardation. After Reese's conviction, the trial court sentenced Reese to nine years of imprisonment on each count, to be served concurrently. Reese appealed both the conviction and the sentence. On that appeal, we affirmed his conviction, but we reversed and remanded the sentencing on the basis ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. SeeState v. Reese, Montgomery App. No. 21258, 2006-Ohio-4404.
 {¶ 3} Upon remand, the trial court resentenced Reese to the same sentence as originally imposed. It is from that sentencing that Reese brings the instant appeal setting forth a single assignment of error for our review.
 Assignment of Error {¶ 4} "The lower court abused its discretion in imposing Appellant's sentence."
 {¶ 5} In this assignment, Reese argues that the trial court's imposition of more than a minimum sentence was unsupported by the record and therefore constituted an abuse of discretion by the court.
 {¶ 6} A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Durham, *Page 3 
Montgomery App. No 21589, 2007-Ohio-6262; State v. Lytle (July 31, 1998), Clark App. No. 97 CA 100, citing State v. Yontz (1986),33 Ohio App.3d 342, 343, 515 N.E.2d 1012. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. A court will not typically be found to have abused its discretion in sentencing if the sentence it imposes is within the statutory limits.State v. Burge (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866.
 {¶ 7} In exercising its discretion, however, the trial court must consider the factors set forth in R.C. 2929.11, 2929.12 and 2929.13. But, the trial court is not required to expressly state on the record that it considered these statutorily enumerated sentencing factors.State v. Mathews (Oct. 15, 1998), Cuyahoga App. No. 73303. Where the record is silent, a presumption exists that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297,525 N.E.2d 1361. Further, where a criminal sentence is within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors.State v. Taylor (1992), 76 Ohio App.3d 835, 839, 603 N.E.2d 401;State v. Crouse (1987), 39 Ohio App.3d 18, 20, 528 N.E.2d 1283. Consequently, the appellant has an affirmative duty to show otherwise.
 {¶ 8} In this regard, the Supreme Court of Ohio has stated: "Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria." State v. Cyrus (1992),63 Ohio St.3d 164, 166, 586 N.E.2d 94.
 {¶ 9} In the instant case, based upon the record before us, we presume that the trial *Page 4 
court considered the appropriate statutory factors. The transcript of the first sentencing at which the trial court imposed the nine-year sentence on Reese reflects that the trial court found, upon reviewing the facts of the case and Reese's criminal history, that the shortest term of imprisonment would demean the seriousness of the offense and would not adequately protect the public from future crime to be committed by him. At the resentencing, the trial court stated that, upon review, the original nine-year sentence was appropriate under the circumstances.
 {¶ 10} Based on the foregoing, we find no indication of an abuse of discretion on the part of the trial court in imposing the nine-year sentence herein. Reese's nine-year sentence is within the statutory range for a first-degree felony, and Reese has failed to demonstrate that the trial court did not consider the appropriate sentencing factors. Therefore, the sentence is not an abuse of discretion.
 {¶ 11} Reese's sole assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Montgomery County Common Pleas Court is hereby affirmed.
FAIN, J. and DONOVAN, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1