OPINION
{¶ 1} Defendant-Appellant, Kevin S. Latham, appeals a judgment of the Champaign County Common Pleas Court sentencing him to five years in prison on a conviction for domestic violence. Latham asserts that the trial court erred in sentencing him. Finding that the trial court did not err in imposing sentence, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On April 7, 2005, Latham pled guilty to one count of domestic violence, a felony of the third degree, in a plea bargain agreement where other charges against him were dismissed. The trial court imposed the maximum sentence of five years on Latham.
 {¶ 3} Latham appealed his original sentence and we reversed the conviction and sentence and remanded the matter for resentencing pursuant to State v. Foster (2006), 109 Ohio St.3d 1. See State v.Latham, 2007-Ohio-2599.
 {¶ 4} Upon remand, the trial court resentenced Latham to the same five-year sentence as originally imposed. It is from that sentencing that Latham brings the instant appeal. Latham's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, setting forth two potential errors "that might arguably support the appeal." Latham also asserts, in a pro se brief, two additional assignments of error for our consideration.
 FIRST ARGUABLE ASSIGNMENT OF ERROR {¶ 5} THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PURPOSES AND PRINCIPLES OF SENTENCING PURSUANT TO R.C. 2929.11 AND THE SERIOUSNESS AND RECIDIVISM FACTORS PURSUANT TO R.C. 2929.12.
 SECOND ARGUABLE ASSIGNMENT OF ERROR {¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM SENTENCE OF FIVE YEARS AS SUCH SENTENCE WAS NOT SUPPORTED BY THE RECORD. *Page 3 
 FIRST PRO SE ASSIGNMENT OF ERROR {¶ 7} THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION WHEN AGAIN, IMPOSING THE MAXIMUM SENTENCE FOLLOWING A REVERSAL (SIC) REMAND. CONTINUING TO APPLY R.C. 2929.14(C) (THE WORST FORM OF THE OFFENSE) OVER APPELLANT'S OBJECTIONS, WHEN STATE V. FOSTER, HELD SUCH UNCONSTITUTIONAL, VIOLATING THE RIGHTS OF DUE PROCESS (SIC).
 SECOND PRO SE ASSIGNMENT OF ERROR {¶ 8} THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION WHEN, AGAIN, IMPOSING THE MAXIMUM SENTENCE FOLLOWING A REVERSAL (SIC) REMAND. APPELLANT WAS DENIED THE DUE PROCESS RIGHT TO BE HEARD IN MITIGATION AS TO WHY SUCH "WASN'T THE WORST FORM OF THE OFFENSE" DENYING THE RIGHT OF REMEDY ANNOUNCED IN STATE V. FOSTER.
 {¶ 9} In these assignments, Latham argues that the facts in his case do not support the imposition of the maximum sentence and that doing so constituted an abuse of discretion by the trial court, and violated his due process rights.
 {¶ 10} A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Reese, Mont. App. No. 21825,2007-Ohio-6696; State v. Durham, Mont. App. No 21589, 2007-Ohio-6262;State v. Rose, Mont. App. No. 21673, 2007-Ohio-4212; State v.Slone, Greene App. No. 2005 CA 79, 2007-Ohio-130. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or *Page 4 
unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 54. A court will not typically be found to have abused its discretion in sentencing if the sentence it imposes is within the statutory limits. State v.Muhammad, Eighth District No. 88834, 2007-Ohio-4303; State v. Burge
(1992), 82 Ohio App.3d 244, 249.
 {¶ 11} After Foster, while trial courts are not required to make any findings or give reasons before imposing any sentence within the authorized statutory range, including maximum, consecutive, or more than minimum sentences, Foster, syllabus at ¶ seven, courts nevertheless are still required to comply with the sentencing laws unaffected byFoster, such as R.C. 2929.11 and 2929.12 which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. However, a sentencing court does not have to make any specific findings to demonstrate its consideration of those general guidance statutes.Foster at ¶ 42; State v. Lewis, Greene App. No. 06 CA 119, 2007-Ohio-6607. And, where the record is silent, a presumption exits that the trial court has considered the factors. State v. Adams (1988),37 Ohio St.3d 295, 297. Further, where a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating factors.State v. Taylor (1992), 76 Ohio App.3d 835, 839; State v. Crouse (1987),39 Ohio App.3d 18, 20. Consequently, the appellant has an affirmative duty to show otherwise.
 {¶ 12} In this regard, the Supreme Court has stated, in State v.Cyrus (1992), 63 Ohio St.3d 164, 166, that: "Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the *Page 5 
sentencing criteria."
 {¶ 13} In the instant case, based upon the record before us, we presume that the trial court considered the appropriate statutory factors. At the sentencing hearing, the court afforded both defense counsel and the prosecuting attorney the opportunity to speak prior to sentencing. It then allowed Latham to read a lengthy statement to the court. After this, the court, prior to imposing sentence, noted for the record that it had "reviewed the case folder [and] the purposes and principles of sentencing." Thereafter, in response to Latham's request for the court to consider the resentencing akin to a motion for early judicial release, the court stated that it "decline[d] to advance the release time from sentence," and imposed the same five year sentence as before.
 {¶ 14} Based upon the foregoing, we find no abuse of discretion in imposing the five year sentence on Latham, and we find no merit to the two arguable assignments of error set forth in the Anders brief.
 {¶ 15} In Latham's first pro se assignment of error, he argues that the Supreme Court of Ohio's decision in Foster "undermines Apprendi,Blakely, and Booker and strips [him] of any `fundamental fairness'" he has at mitigation of sentence. However, this court has consistently held that a claim that a decision of the Supreme Court of Ohio is unconstitutional is not cognizable in this court. In so holding, we stated: "[t]he appellate jurisdiction of this court permits us to review `judgments or final orders of court of record inferior to the courts of appeals within the district' as well as `orders or actions of administrative officers or agencies.' Section 3(B)(2), Article IV, Ohio Constitution. Manifestly, decisions of The Supreme Court of Ohio are outside those classifications. Therefore, we lack the jurisdiction to review those decisions for error." State v. Burkhart, *Page 6 
Champaign App. No. 06-CA-18, 2007-Ohio-3436; State v. Mitchell, Clark App. No. 06 CA 53, 2007-Ohio-3590.
 {¶ 16} Latham's first pro se assignment of error is overruled.
 {¶ 17} Finally, Latham argues that he was denied the opportunity to be heard in mitigation and to present evidence establishing that he did not commit the worst form of the offense. However, the record demonstrates otherwise.
 {¶ 18} At the resentencing hearing, the trial court inquired of Latham if he had anything that he wished to say prior to imposing sentence. Latham responded that he had written three and one-half pages and requested that he be allowed to read the document. The court allowed him to read the statement, in which Latham spoke at length about his life before and after being sentenced to prison. Latham asked the court to consider the resentencing and his request for a reduction of sentence as if it were an early request for judicial release. Latham failed to address in any form, the underlying offense, and to demonstrate that it was not the worst form of the offense.
 {¶ 19} Because Latham's remarks were not limited in any fashion by the court, he was not denied the opportunity to present any mitigating evidence that he now seeks to present, and he has waived any such opportunity. His due process right was not offended by the procedure employed at his resentencing.
 {¶ 20} Latham's second pro se assignment of error is overruled.
 {¶ 21} In addition to reviewing the above issues, we have conducted an independent review of the record and have found no error having arguable merit.
 {¶ 22} For the foregoing reasons, the judgment of the Champaign County *Page 7 
Common Pleas Court is hereby affirmed.
BROGAN, J., and DONOVAN, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Kevin S. Latham
 Hon. Roger B. Wilson *Page 1