[Cite as *State v. Wooten*, 2014-Ohio-745.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0044** |
| FLOYD WOOTEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 297.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Ashtabula County Court of Common Pleas. A jury convicted appellant Floyd Wooten of rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree and unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the third degree. At his original sentencing hearing he was sentenced to a definite prison term of six years for rape and a definite prison term of five years for unlawful sexual conduct with a minor to be served concurrently. This

court reversed that judgment because the unlawful sexual contact with a minor offense and rape offense were allied offenses of similar import. On remand, the trial court held a sentencing hearing to comply with our order and sentenced Wooten to six years in prison for rape. Wooten now appeals the judgment that re-sentenced him.

{¶2} The facts of this case have already been stated in a previous opinion. *See State v. Wooten*, 11th Dist. Ashtabula No. 2012-A-0021, 2013-Ohio-1841. Therefore, a complete recitation of facts is not necessary. As his first assignment of error, Wooten alleges that:

{¶3} "The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to six years imprisonment, in that said prison sentence is excessive for the purposes set forth in Ohio Revised Code Section 2929.11 (A) and (B) and is not necessary to protect the public."

{¶4} Within this assignment of error, Wooten claims the trial court abused its discretion by not giving the reasons why it made its decision to sentence the defendant for six years. He also claims it was error for the trial court to not state its reason for the sentence at the sentencing hearing. Finally, he claims that the sentence was disproportionate because he has no recent prior convictions and the victim experienced a de minims amount of trauma. The state responds that the trial court was not required to delineate the reasons for its decision and that the trial court explained the factors and evidence it considered in the sentencing judgment entry. The state also claims we only review the trial court's decision to see if it did not consider the R.C. 2929.12 factors.

{¶5} In reviewing the propriety of a felony sentence, an appellate court must engage in a two-part test. "First, [appellate courts] must examine the sentencing

2

court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶6} When analyzing the second prong, we only look to see whether the trial court has *considered* the R.C. 2929.12 factors. Such a consideration does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12.)." *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302. The Ohio Supreme Court has found that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus; *State v. Greitzer*, 11th Dist. Portage No. 2006-P-0090, 2007-Ohio-6721, ¶28. The burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing criteria. *State v. Cyrus*, 63 Ohio St.3d 164, 166 (1992). In order to rebut this presumption, "a

3

defendant must either affirmatively show that the court failed to [consider the statutory factors], or that the sentence the court imposed is 'strikingly inconsistent' with the statutory factors as they apply to his case." *State v. Bigley*, 9th Dist. Medina No. 08CA0085-M, 2009-Ohio-2943, ¶14, quoting *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, ¶34.

{¶7} At sentencing, the trial court merged Wooten's conviction of unlawful sexual contact with a minor with his conviction of rape and sentenced him to six years in prison on the rape conviction. Pursuant to R.C. 2907.02(B), rape is considered a first degree felony. First degree felonies carry a prison term of three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1). Because six years is a prison term that falls within that range, the first prong of *Kalish* is satisfied.

{¶8} As for the second prong, we agree with the state's position. The victim was a minor and has continually suffered nightmares as a result of the crime. Wooten also had access to her as he was renting a place where the minor resided with her parents. The defense presented mitigating evidence of homelessness, mental health problems and drug use. Based on this evidence, a sentence of six years was not strikingly inconsistent with the available evidence.

{¶9} Furthermore, although Crim.R. 32(A) requires a sentencing court to state its statutory findings and give reasons supporting those findings if needed, the trial court in this case was only required to conduct a limited sentencing hearing to correct its sentencing error. Consequently, the trial court did not err in not fully explaining the reasoning for its sentence at the hearing.

{¶10} The first assignment of error is without merit.

{¶11} As his second assignment of error, Wooten alleges that:

{¶12} "The appellant received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

{¶13} Wooten alleges that his trial counsel erred by not requesting the trial court to conduct a full sentencing hearing or at the very least make a statement on his behalf indicating the mitigating circumstances for his sentence. Wooten has failed to indicate what mitigating circumstances trial counsel should have presented if his trial counsel was given the opportunity to address the court. The state argues that making arguments in support of mitigating circumstances would not have changed his sentence.

{¶14} In order to prevail on a claim of ineffective assistance of counsel, appellant must establish that: (1) the performance of defense counsel was seriously flawed and deficient; and (2) the result of appellant's trial would have been different if defense counsel had provided proper representation. See *Strickland v. Washington*, 466 U.S. 668 (1984). Trial counsel benefits from a strong presumption of competence. See *State v. Smith*, 17 Ohio St.3d 98 (1985). In other words, defense counsel is not ineffective unless his or her performance fell below an objective standard of reasonable representation, and the defendant is prejudiced from that performance. *State v. Bradley*, 42 Ohio St.3d 136 (1989). Nevertheless, analysis of whether counsel's performance was deficient is not necessary if a claim can be disposed of by showing a lack of sufficient prejudice. *Id.*

{¶15} In our previous judgment, we found the trial court erred in finding the unlawful sexual contact with a minor and rape were not allied offenses of similar import. *Wooten, supra*, ¶59. Accordingly, we remanded "for further proceedings consistent

with the opinion." *Id.,* ¶63. Although the remand instruction is broad, it is clear from the opinion that the only error in the original sentence dealt with the issue of allied offenses of similar import. The trial court is not required to conduct a de novo sentencing hearing because an appellate court found error in the original sentence. *State v. Morgan*, 2d Dist. Champaign No. 09CA21, 2010-Ohio-2925, ¶14. Rather, a trial court is only required to conduct the tasks that are necessary to correct the error in its previous judgment

{¶16} Nothing in our prior opinion or the nature of the sentencing error indicates that Wooten was entitled to a de novo sentencing hearing. Furthermore, the trial court had already heard trial counsel's mitigating statement. Wooten has not provided any reason why a mitigating statement by trial counsel would have affected his sentence and we do not see how a new statement concerning mitigating circumstances would affect his sentence. As such, Wooten was not prejudiced by trial counsel's failure to request an opportunity to provide a mitigating statement at the re-sentencing hearing.

{¶17} The second assignment of error is without merit.

{¶18} The judgment of the trial court is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6